UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN CASTILLO,

    Petitioner,

v.                                       CASE NO. 2:19-CV-11136
                                         HONORABLE SEAN F. COX

J. A. TERRIS,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING**
**THE PETITION FOR A WRIT OF HABEAS CORPUS**

### I. Introduction

Federal prisoner Juan Castillo ("Petitioner"), currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his career offender designation under the federal sentencing guidelines. He seeks removal of the career offender enhancement and immediate release from custody.

Promptly after the filing of a habeas petition, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If,

after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such review, and for the reasons stated herein, the court concludes that the habeas petition must be dismissed.

## II. Facts and Procedural History

Petitioner pleaded guilty to possession with intent to distribute 50 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1), before another judge in this district and was sentenced to 144 months imprisonment in October, 2015. In imposing sentence, the court designated Petitioner as a career offender under U.S.S.G. § 4B1.1 because he was at least 18 years old at the time of the offense, the offense involved a controlled substance, and he had two prior felony convictions involving a controlling substance – a 2003 conviction for maintaining a drug house and a 2004 conviction for conspiracy to deliver/manufacture marijuana. *See United States v. Castillo*, No. 4:12-CR-20288 (E.D. Mich.). Petitioner did not pursue a direct appeal.

In 2016, Petitioner filed several motions to vacate sentence pursuant to 28 U.S.C. § 2255 in the district court raising four grounds for relief: (1) trial counsel was ineffective for failing to properly calculate his criminal history, (2) the district court miscalculated his criminal history by counting certain offenses separately, (3) the district court improperly designated him as a career offender to enhance his sentence, and (4) his prior assault conviction is no longer a crime of violence under *Johnson v. United States*, _ U.S. _, 135 S. Ct. 2551 (2015), such that he is not a

career offender. The matter was stayed pending the United States Supreme Court's decision in *Beckles v. United States*, _ U.S. _, 136 S. Ct. 2510 (2017). Ultimately, the district court denied relief on Petitioner's claims. *United States v. Castillo*, No. 4:12-CR-20288, (E.D. Mich. July 24, 2018). The court then denied reconsideration and denied a certificate of appealability. The United States Court of Appeals for the Sixth Circuit also denied Petitioner a certificate of appealability essentially finding that his claims lacked merit such that reasonable jurists could not debate the district court's ruling. *Castillo v. United States*, No. 18-2178 (6th Cir. Feb. 25, 2019).

Petitioner dated the instant habeas petition on April 9, 2019. He asserts that he is entitled to habeas relief because he is actually innocent of his U.S.S.G. § 4B1.1 career offender designation. Specifically, he asserts that his Michigan prior conviction for maintaining a drug house under Mich. Comp. Laws § 333.7405(1)(d) is classified as a misdemeanor and he was sentenced to 270 days in jail. *See* Pet., pp. 6-7.

### III. Discussion

Petitioner brings this action as a habeas petition under 28 U.S.C. § 2241. His habeas claim, however, concerns the validity of his federal sentence. A motion to vacate sentence under 28 U.S.C. § 2255 filed with the trial court is the proper avenue for relief on a federal prisoner's claims that his conviction and/or sentence were imposed in violation of the federal constitution or federal law. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *see also McCully v. United States*, 60 F. App'x 587, 588 (6th Cir. 2003) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under

§ 2255 is inadequate or ineffective to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *see also Wooton v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Charles*, 180 F.3d at 758.

The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner, and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not generally meet that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief may be or has already been denied, because the petitioner is time-barred or otherwise procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles*, 180 F.3d at 756. Petitioner neither alleges nor establishes that his remedy under § 2255 is (or was) inadequate or ineffective.

Petitioner seemingly believes that he should be allowed to proceed under § 2241 via the "savings clause" of § 2255 because he is actually innocent of his career offender designation and sentencing enhancement. Such an argument, however, puts the cart before the horse. Petitioner fails to show that his remedy under § 2255 is (or was) inadequate or ineffective. He challenged his career offender designation and sentencing enhancement in his motion to vacate sentence and was denied relief by the district court. The Sixth Court also denied a certificate of appealability and, in doing so, specifically rejected his claim that the maintaining a drug house conviction was not a "controlled substance offense" under the federal sentencing guidelines because it is not a felony and he was sentenced to 270 days in jail. *See Castillo*, No. 18-2178 at *3. Petitioner thus

had the opportunity to raise his current claim in his prior proceedings. "The mere fact that the courts have not found his arguments persuasive is not enough to satisfy his burden of showing that his remedy under § 2255 is inadequate or ineffective." *Brewster v. Perez*, 26 F. App'x 781, 783 (6th Cir. 2002) (citing *In re Gregory, supra*).

Section 2255 is not inadequate or ineffective simply because the sentencing court and/or appellate denied relief and the petitioner wants to relitigate a claim that was already decided against him. *See Adderly v. Zickefoose*, 459 F. App'x 73, 75 (3d Cir. 2012) (finding no basis for applying the savings clause where petitioner simply sought to relitigate a sentencing enhancement issue); *Crosby v. Brook*, 353 F. App'x 591, 593 (2d Cir. 2009) (ruling that § 2255's savings clause was not properly invoked where the petition was an attempt to relitigate issues previously decided by other courts); *Ceballos Torres v. United States*, 83 F. App'x 609 (5th Cir. 2003) (same). Petitioner may not relitigate his career offender designation sentencing enhancement claim on habeas review under § 2241 simply because he did not receive the desired result in his § 2255 proceedings. Petitioner is not entitled to proceed under 28 U.S.C. § 2241 on his claim. This case must therefore be dismissed.

### IV. Conclusion

For the reasons stated, the court concludes that Petitioner is challenging the validity of his federal sentence and that he fails to establish that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. His claim is improperly brought under 28 U.S.C. § 2241. Accordingly, the court **DISMISSES** the petition for a writ of habeas corpus.

Lastly, the court notes that a certificate of appealability is not needed to appeal the

dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this court or the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED.**

Dated: May 7, 2019
                                            s/Sean F. Cox
                                            Sean F. Cox
                                            U. S. District Judge